UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FIDEL MIRANDA, on behalf of himself
and all other similarly situated employees,

    Plaintiffs,

Vs.                                        Case No. 14-cv-2152

FAYETTE JANITORIAL SERVICE, LLC
d/b/a FAYETTE INDUSTRIAL, RICKEY DALE
BURNS, JR., and LINDA MICHELLE BURNS,

    Defendants/Third-Party Plaintiffs,

Vs.

FREDDY MARTINEZ d/b/a MARTINEZ
INDUSTRIAL,

    Third-Party Defendants.

---

### ANSWER TO FIRST AMENDED COLLECTIVE ACTION COMPLAINT UNDER THE FLSA BY FAYETTE JANITORIAL SERVICE, LLC D/B/A FAYETTE INDUSTRIAL, RICKEY DALE BURNS, JR. AND LINDA MICHELLE BURNS

---

      Comes now Defendants/Third-Party Plaintiffs, Fayette Janitorial Services, LLC d/b/a Fayette Industrial, Rickey Dale Burns, Jr. and Linda Michelle Burns (hereinafter collectively "Defendants"), by and through counsel of record, and responds to the Amended Complaint heretofore filed as follows:

      1.     This Honorable Court has jurisdiction to hear the Complaint and Amended Complaint as alleged.

      2.     The allegations in paragraph 2 are denied.

3. Defendants admit the information contained in paragraph 3 as to the formation of the limited liability company organized in the state of Tennessee. Fayette Industrial is an assumed business name, but not a separate entity, and said entity provides various services, including some landscaping.

4. The allegations contained in paragraph 4 are denied.

5. Fayette Industrial is Fayette Janitorial Service, LLC, and is a name used in the performance of a certain aspect of the operations of Fayette Janitorial Service, LLC. Any other allegations contained in paragraph 5 not admitted herein are denied.

6. Defendants admit that it is engaged in the business of commercial and industrial cleaning, among other things. Defendants would admit that it has gross revenues of not less than $500,000. However, as to all the various allegations contained in paragraph 6, those not heretofore admitted are generally denied.

7. Defendant Burns is a co-owner of Fayette Janitorial Services, LLC, and Fayette Industrial is simply an assumed name which is used during a certain aspect of its business. As to allegations of Defendant Burns being an employer of Plaintiff and the remaining allegations contained in paragraph 7, these are denied.

8. Defendant Linda Burns is a co-owner of Fayette Janitorial Services, LLC, and Fayette Industrial is simply an assumed name which is used during a certain aspect of its business. As to allegations of Defendant Linda Burns being an employer of Plaintiff and the remaining allegations contained in paragraph 7, these are denied.

9. The allegations contained in paragraph 9 of Plaintiff's Amended Complaint concerning Fayette Industrial, Fayette Janitorial Service, LLC and Mr. and Mrs. Burns are denied. Martinez acted in his own best interest as an independent contractor and business man

with the opportunity for profit and loss in all aspects of his business. All other allegations contained in paragraph 9 of Plaintiff's Amended Complaint are denied.

10. The allegations contained in paragraph 10 of the Amended Complaint are denied. Defendants do not share common control over the terms and conditions of Plaintiff's employment, have no insight, knowledge or control over Plaintiff, his duties or his payments. The allegation of sharing responsibility of supervision, assignment, hiring and firing are all denied, and any and all other remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint are denied.

11. The allegations contained in paragraph 11 of Plaintiff's Amended Complaint are neither admitted nor denied, since they make no factual assertions. However, if Defendants' interests are to be affected thereby, they demand strict proof thereof.

12. As to the allegations of the Plaintiffs being employed by Defendants, those allegations are denied.

13. The allegations contained in paragraph 13 of Plaintiff's Amended Complaint as to the FLSA requirements, same are admitted. However, as to allegations that Defendants suffered and permitted Plaintiffs to work more than forty (40) hours without overtime, Defendants would deny they have any involvement, knowledge or input into compensation, employment practices, or in any aspect of Freddy Martinez's business.

14. As to the allegations contained in paragraph 14 of Plaintiff's Amended Complaint concerning Plaintiff Miranda, Defendants have no knowledge and no participation in the requirements of Plaintiff's work. Therefore, as to the allegations directed at these Defendants same are denied.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

## **Affirmative Defenses**

Now, having answered all factual allegations heretofore alleged against Defendants, these Defendants hereby allege the following affirmative defenses:

1. The Complaint and each and every count thereof fails to state a claim upon which relief can be granted.

2. Defendants invoke the defenses, protections, exemptions and limitations of FLSA, 29 U.S.C. § 201, *et. seq*.

3. At all times, Defendants acted in good faith and had reasonable grounds for believing its actions were in compliance with FLSA and has no control, influence on, or in any way an employer of Plaintiff even under the liberal definitions of FLSA.

3. The identification of Plaintiff in this Complaint is the first time these Defendants have heard of this individual, and he has never been an employee of these Defendants.

4. Defendants do not have control of the Plaintiff, to its knowledge has not made any managerial decisions associated with Plaintiff, nor allowed an environment to exist which would cause Plaintiff damages.

5. Defendants did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

6. To the extent Plaintiff's claims are outside the applicable statute of limitations, or other time limits requirement, Plaintiff's claims are barred.

7. Some or all of Plaintiff's claims should be dismissed because Plaintiff does not meet the requirement for a collective action under Section 216(b) of the FLSA.

8. Some or all of Plaintiff's claims should be dismissed because Plaintiff and members of the alleged group that Plaintiff purports to represent are not "similarly situated" employees within the meaning of Section 216(b) of the FLSA.

9. Defendants use subcontractor within the true legal meaning of the definition and do not control, manage, or in any way interact with Plaintiff nor made any managerial decisions concerning Plaintiff, nor did they allow an environment to exist which would cause Plaintiff damages.

10. Plaintiff's claims should be dismissed because he has failed to join an indispensable party, which upon information and belief is the true employer of Plaintiff, and upon information and belief is known as Martinez Industrial.

11. No conduct by these Defendants has proximately caused any damage to Plaintiff.

12. Plaintiff is not entitled to attorney fees, costs or damages from these Defendants, as not being the real party in interest, nor the employer of Plaintiff.

13. Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants pray that this Court enter a judgment in its favor for costs, including attorney's fees, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Gary E. Veazey
GARY E. VEAZEY (#10657)
Attorney for Defendants/Third-Party Plaintiffs
780 Ridge Lake Blvd., Ste. 202
Memphis, TN  38120
(901) 682-3450

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of this Answer to Amended Complaint was served via the Court's ECF system on counsel for Plaintiff, William B. Ryan, Bryce W. Ashby and Janelle A. Crandall, 1545 Union Avenue, Memphis, TN 38104 on this 12th day of May, 2014.

                /s/ Gary E. Veazey