UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FIDEL MIRANDA, on behalf of himself
and all other similarly situated employees,

    Plaintiffs,

VS.                                                                 Case No. 14-cv-2152

FAYETTE JANITORIAL SERVICE, LLC
d/b/a FAYETTE INDUSTRIAL, RICKEY DALE
BURNS, JR., and LINDA MICHELLE BURNS,

    Defendants/Third-Party Plaintiffs,

VS.

FREDDY MARTINEZ d/b/a MARTINEZ
INDUSTRIAL,

    Third-Party Defendants.

---

## ANSWER TO COLLECTIVE ACTION COMPLAINT UNDER THE FLSA AND ANSWER TO THE THIRD PARTY COMPLAINT

Come now Defendant Freddy Martinez d/b/a Martinez Industrial (hereinafter "Third Party Defendants"), by and through counsel of record, and in response to the Complaint and Third Party Complaint heretofore filed would state the following:

1. This Honorable Court has jurisdiction to hear this Complaint as alleged.
2. The allegations contained in paragraph 2, 3, 4, 5, 6, 7, 8 are admitted.
3. Third party defendant Freddy Martinez is a manager for Defendants Fayette Industrial, Burns and Linda Burns. Martinez is a resident of Memphis, Tennessee. All other allegations contained in paragraph 9 not admitted are denied.

4. Third party defendant, Martinez is not an employer under the FLSA because he did not control the terms and conditions of Plaintiff's employment. Martinez although made some decisions with regard to hiring and firing employees and supervision of employees, he himself was an employee of Fayette Industrial, Burns and Linda Burns. Martinez did not determine the rate of pay and method of payment with regard to fellow employee Fidel Martinez or others similarly situated. All other allegations contained in paragraph 10 not admitted are denied.

5. Plaintiff alleges he brings this action on behalf of himself and other similarly situated employees however no records exist which would identify Plaintiff of having the right to act for others similarly situated.

6. Plaintiff and other similarly situated employees were employed by Fayette Industrial, Burns and Linda Burns as general labors as was Third Party Defendant. Any other allegations not admitted in Paragraph 12 are denied.

7. Plaintiffs and Third party defendant were not compensated for any overtime. Third party defendant, Martinez was instructed to give the total amount of hours worked for all employees under his supervision as manager collectively to Fayette Industrial, Burns and Linda Burns and then he was given the regularly hourly rate for all of these hours worked. All other allegations in paragraph 13 are denied.

8. Allegations in paragraph 14 are denied.

9. Allegations in paragraph 15 are denied. Third party defendant, Martinez is also an employee of Fayette Industrial, Burns and Linda Burns and therefore did not employee Plaintiffs or others similarly situated, therefore has not violated the provisions of the FLSA.

10. Allegations in paragraph 16 and 17 are denied.

## ANSWER TO THIRD PARTY COMPLAINT

1. Allegations in paragraph 1 are admitted.
2. Allegations in paragraph 2 are denied. Freddy Martinez is not an independent contractor for Fayette Janitorial Services, LLC, Rickey Dale Burns, Jr. and Linda Michelle Burns. Freddy Martinez worked for the abovementioned however as an employee. Martinez was

instructed by abovementioned Defendants with regard to where and when he was to perform duties and Fayette Janitorial Services, LLC provided materials for Martinez and other employees to perform cleaning and other duties requested. Any other allegations in paragraph 2 of the Third party complaint are denied.

3. Paragraph 3 of the Third Party Complaint is denied.

## **AFFIRMATIVE DEFENSES**

Now, having answered all factual allegations heretofore alleged against Defendant, this Defendant hereby allege the following affirmative defenses:

1. The Complaint and Third party complaint and each and every count thereof fails to state a claim upon which relief can be granted.
2. Defendant invokes the defenses, protections, exemptions and limitation of FLSA, 29 U.S.C. § 201, *et. seq.*
3. At all times, Defendant acted in good faith and had reasonable grounds for believing his actions were in compliance with FLSA and has no control, influence on, or in any way an employer of Plaintiff even under the liberal definitions of FLSA.
4. Plaintiff has never been an employee of this Defendant but an co-worker as employees of Fayette Industrial.
5. Defendant did not have control of the Plaintiff, nor allowed an environment to exist which would cause Plaintiff damages.
6. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.
7. To the extent Plaintiff's claims are outside the applicable statue of limitations, or other time limits requirements, Plaintiff's claims are barred.
8. Some or all of Plaintiff's claims should be dismissed because Plaintiff does not meet the requirement for a collective action under Section 216 (b) of the FLSA.
9. Some or all of Plaintiff's claims should be dismissed because Plaintiff and members of the alleged group that Plaintiff purports to represent are not "similarly situated" employees within the meaning of Section 216 (b) of the FLSA.

10. Defendant is not a subcontractor as alleged by Fayette Industrial but is however an employee/manager at Fayette Industrial.
11. No conduct by this Defendant has proximately caused any damage to Plaintiff.
12. Plaintiff is not entitled to attorney fees, costs or damages from this Defendant, as not being the real party in interest, nor the employer of Plaintiff.
13. Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered, Defendant prays that this Court enter a judgment in its favor for costs, including attorney's fees, and for such other and further relief as the Court deems just and proper.

Dated: May 27, 2014


Respectfully submitted,


/s/Wendy Villafana
Wendy Villafana TN Bar #024770
5199 Summer Ave Ste 102
Memphis, TN 38122
901-761-9280
Fax: 901-761-9281
wendy@villafanalaw.com