UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FIDEL MIRANDA, on behalf of himself
and all other similarly situated employees,

    Plaintiffs,

VS.                                                                           Case No. 14-cv-2152

FAYETTE JANITORIAL SERVICE, LLC
d/b/a FAYETTE INDUSTRIAL, RICKEY DALE
BURNS, JR., and LINDA MICHELLE BURNS,

    Defendants/Third-Party Plaintiffs,

VS.

FREDDY MARTINEZ d/b/a MARTINEZ
INDUSTRIAL,

    Third-Party Defendants.

## ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORES

COMES NOW the Defendant, Freddy Martinez, by and through counsel and pursuant to the Tennessee Rules of Civil Procedure responds to Plaintiff's First Set of Interrogatories as follows:

### OVERVIEW AND GENERAL OBJECTIONS

These Answers are not intended to, nor should they be construed as affecting waivers

regarding any objection Defendant, may have in relation to the relevance, materiality, admissibility, privilege or competence of the various discovery propounded or of the information and documents identified herein. On the contrary, these Answers are intended to preserve and do, in fact, preserve all of Defendant's right to object on any grounds at any time to the discovery itself or to the use of information gained through this discovery in this litigation.

Defendant further reserves the right to object to additional discovery addressed to matters covered by this discovery request, whether or not answers are furnished herein. Defendant expressly reserves the right to supplement, revise, add to, clarify or correct any answers herein.

To the extent this discovery requests any information that constitutes or is a part of Defendant's or Defendant's attorney's work product, Defendant objects.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who you believe have any information or knowledge with respect to any facts or matters relating to the allegation in the Complaint or any of your claimed affirmative defenses. [Note: This interrogatory is broader than the Defendants Rule 26 (a)(1) initial disclosure obligation]. And with respect to each person identified, identify and describe what information you believe each person may possess.

**ANSWER:** (a) Freddy Martinez, was in charge of Martinez Industrial, hired workers to work for Fayette Janitorial at various worksites, supervised and paid these workers, also worked alongside these workers.

(b) Veronica Ortiz, was a supervisor for Freddy Martinez, supervised daily activities and was aware of the hours worked by employees including Plaintiffs.

(c) Leonardo Cruz- employee of Freddy Martinez, cleaned various worksites, familiar with hours worked in a week for himself and various other employees including Plaintiffs.

(d) Rickey D. Burns, Jr., - in charge of Fayette Janitorial, knows the relationship between Fayette Janitorial and Freddy Martinez.

(e) Haydee Aguilar- wife of Freddy Martinez, assisted in payment of employees including Plaintiffs.

**INTERROGATORY NO. 2:** Please state the job title for each Plaintiff and dates that position was held by each Plaintiff. Additionally, describe the duties and responsibilities held by each Plaintiff in each position. If you are claiming that a Plaintiff served as a manager or assistant manager, please identify any individuals whom she supervised and the time period of that supervision.

**ANSWER:** (a) Fidel Miranda – 10/29/2013- 12/23/2013- janitor-general cleaning of worksites.

(b) Henrique Ramirez- 01/03/2011-03/21/2014- janitor- general cleaning of worksites and cutting grass.

**INTERROGATORY NO. 3:** Identify all persons responsible for directly and/or indirectly supervising each Plaintiff during the applicable statutory period, including their name, address, telephone number, job title, the location at which he/she supervised Plaintiff and the dates he/she supervised Plaintiff.

**ANSWER:** Veronica Ortiz, do not have information on her address, telephone number is 901-361-4604, supervisor for Freddy Martinez, supervised Plaintiffs at various worksites at various times including but not limited to Kellogg's, Rossville/Airways, Unilever- Covington,

TN.; Freddy Martinez, 4083 Mamie Road, Memphis, TN 38122, 901-481-7187, supervisor at various worksites including but not limited to Kellogg's, Rossville/Airways, Unilever-Covington, TN.

**INTERROGATORY NO. 4:** Identify the persons responsible for hiring each Plaintiff and describe the circumstances in which each Plaintiff came to be employed by any of the Defendants.

**ANSWER:** Freddy Martinez hired both Plaintiffs. Henrique Ramirez was hired when Freddy Martinez went to Jackson Avenue in Memphis, TN and asked if he wanted to work. Fidel Miranda was hired through a mutual friend of Freddy Martinez and Fidel Miranda's.

**INTERROGATORY NO. 5:** Identify the persons and their employer who had the power to terminate each Plaintiff's employment or the power to remove each Plaintiff from work at a particular job site.

**ANSWER:** Freddy Martinez had the power to terminate however if it was determined that the person was not complying with the worksite rules the worksite (i.e. plant, warehouse) could also ask Plaintiff to leave.

**INTERROGATORY NO. 6:** Please describe the training provided to each Plaintiff upon beginning work, including who provided the training, of what the training consisted, and who required the training.

**ANSWER:** Fayette Janitorial provided the training which the different worksite required. It was a training of approximately 4 hours and was in regard to the safety and prevention of harm of the machines.

**INTERROGATORY No. 7:** Please describe the uniform and identification badge used by each Plaintiff or required for use by any of the Defendants, including who issued the uniform or badge, whether the use of the uniform or badge was required, who required the use of the uniform or badge, and who paid for the production of the uniform or badge.

**ANSWER:** `Fayette Industrial provided the identification badges. Defendant Freddy Martinez is unsure who required it but believes it might have been the individual companies for which they would clean. Freddy Martinez nor the Plaintiffs were charged for the identification badges. To the Defendant, Freddy Martinez' understanding, these identification badges were required.

**INTERROGATORY No. 8:** Please describe any and all conversation and/or communication between or among Defendants and between each Plaintiff regarding Plaintiff's pay, Plaintiff's compensation, and/or Defendant's failure to properly compensate Plaintiff and/or pay Plaintiff overtime compensation. In this description, please include the date the conversation or communication took place, any witnesses that were present to those conversations or communications, and a description of the substance of those communications or conversations.

**ANSWER:** Conversation between Freddy Martinez and Fidel Miranda- Freddy Martinez expressed to him that he could only give him 36 hours a week of work at $8 an hour and it would be 3- 12 hour days. This conversation took place approximately in October 2013. Conversation between Henrique Ramirez and Freddy Martinez-he paid him $9 an hour and he worked for nearly 3 years at various times. Defendant does not recall at what point his pay was determined however

he was paid this amount when working under Defendant Freddy Martinez.

**INTERROGATORY No. 9:** Please describe in detail how Defendants recorded the hourly work time of each Plaintiff, including who maintained those records, whether those records are kept on an electronic database or as written files, and who has or had access to those files.

**ANSWER:** Plaintiffs worked with Defendant Freddy Martinez or Veronica Ortiz therefore one of them knew the hours they had worked that week. They were paid in cash and given a receipt on the last workday of the week. Defendant kept copies of these receipts and would take these receipts to do his taxes and also to provide the tax documents for the Plaintiffs.

**INTERROGATORY No. 10:** Please describe in detail the manner in which each Plaintiff was compensated in any position held or identified in response to Interrogatory No. 2. This description should include but is not limited to the rate of pay or amount of salary received by Plaintiff, the timing in which the Plaintiff received her pay, and whether Plaintiff was paid in check, cash, a combination of the two, or by any other method. The response should include any amounts that Plaintiff was required to pay back or return to Defendants after receiving her pay.

**ANSWER:** Fidel Miranda was paid $8 an hour in cash. Henrique Ramirez was paid $9 an hour in cash.

**INTERROGATORY No. 11:**  Please describe in detail who made the decision to compensate Plaintiff in the manner described in response to Interrogatory No. 10 and the basis for his/her decision.  If anyone was consulted in reaching the decision to compensate Plaintiff in this manner, please provide their names, address, telephone number, job title, and a description of the substance of the communication or conversations.

**ANSWER:**  Freddy Martinez made the decision to pay cash because he does not have a bank account and could not write a check.

**INTERROGATORY No. 12:**  Please describe the relationship between Defendants Fayette Janitorial Services, LLC d/b/a Fayette Industrial and Freddy Martinez, including a description of how jobs were assigned, how employees were selected and how either Defendant was compensated, as well as a description of any agreements, documents, or correspondence that memorialize the terms of this relationship during the applicable statutory period.

**ANSWER:**  Freddy Martinez is an independent contractor of Fayette Janitorial.  He has worked with them for 10 years.  He signs a contract with them and renews annually.  He receives a 1099 from them.  Freddy Martinez hired who he wants and pays the amount he wants to pay.

**INTERROGATORY No. 13:**  Please set forth the factual basis of each of the affirmative defenses raised by Defendants in their Answer.

**ANSWER:** Plaintiffs have never worked more than 40 hours a week in any given week during their employment with Martinez Industrial therefore they are not entitled to any overtime compensation.

Respectfully Submitted,

*/s/ Wendy Villafana*

Wendy Villafana #024770
5119 Summer Ave Ste 102
Memphis, TN 38122

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a copy of the foregoing Defendant's Answers to First Set of Interrogatories was served on Bryce W. Ashby, Esq 1545 Union Ave, Memphis, TN 38104 and Gary E. Veazey, 780 Ridge Lake Blvd, Suite 202, Memphis, TN 38120.

THIS  11  DAY OF  November , 2014.

*/s/ Wendy Villafana*
Wendy Villafana
Attorney at Law
5119 Summer Ave Suite 102
Memphis, TN 38122
(901)761-9280

## VERIFICATION

I, Freddy Martinez, as Defendant and on behalf of Martinez Industrial, in the captioned action, being duly sworn, affirm that the information set forth above is true, accurate and complete to the best of my knowledge, information and belief. I understand that my signature below is subject to penalties of perjury.

*Fredy Martinez*

Freddy Martinez

STATE OF TENNESSEE

COUNTY OF SHELBY

On this 10th day of Nov., 2014, before me, a Notary Public in and for said state and county, duly commissioned and qualified, personally appeared Freddy Martinez, individually and as representative of Martinez Industrial, to me known to be in the person described in and who executed the foregoing instrument on the day and year herein mentioned as his free act and deed and for the purposes herein contained.

*Debbie L. Fraser*
Notary Public

[SEAL: DEBBIE L. FRASER, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY, My Comm. Expires June 21, 2016]

My Commission expires: 6/21/16